

ORDERED in the Southern District of Florida on February 10, 2010.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

Eduardo and Lili Sasso

Case No. 08-25034
Chapter 13

          Debtors        /

**ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY BANK OF AMERICA**

THIS CASE came to be heard on February 2, 2010 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 75; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at

13235 SW 86th Street, Miami, FL 33183, and more particularly described as:
WINSTON PARK UNIT 8 PB 110-49 LOT 5 BLK 71 LOT SIZE 75.00 X 100.00 OR 17801 2309 0697 4 COC 23841-2859 09 2005 6 OR 23841 2859 0905 03
(Legal description)

is $ _274,500.00_ at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of _Bank of America_ (the "Lender") is $ _307,359.00_.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $ _0_ and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ _0_.

3. [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on _November 22, 2006_ at OR BOOK _25120_ Pages _2348-2352_ of the official records of Miami Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.]

4. (Select only one):

    _X_ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified

    as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

   ___ Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

JAMES ALAN POE, P.A.
Attorney for Debtor
9500 S. Dadeland Blvd., Suite 610
Miami, FL 33156     (305)670-3950
By:____/s/_____
James A. Poe, Esq.     F.B.N. 107956

Attorney _James Alan Poe_ is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.